Filed 4/29/21  P. v. Rowe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEMARCO MARQUIS ROWE,<br><br>Defendant and Appellant. | C092103<br><br>(Super. Ct. No. CRF171905) |

The parties agree that this case should be remanded for the trial court to appropriately exercise its discretion regarding its decision whether to resentence defendant Demarco Marquis Rowe pursuant to our earlier remand.  We agree with the parties and remand for exercise of discretion and possible resentencing.

**BACKGROUND**

A jury found defendant guilty of second degree robbery and battery with personal injury.  (*People v. Rowe* (May 14, 2019, C085815) [nonpub. opn.].)  The trial court found

1

true allegations defendant was previously convicted of a strike offense (Pen. Code, § 667, subds. (c), (e)(1))[1] and a serious felony (§ 667, subd. (a)(1)) and sentenced him to an aggregate term of 11 years in state prison. (*People v. Rowe, supra*, C085815, at p. *3.)

Defendant appealed and this court affirmed the judgment but remanded the matter for the limited purpose of allowing the trial court to exercise its discretion regarding the section 667, subdivision (a) enhancement in light of Senate Bill No. 1393. (*People v. Rowe, supra,* C085815, at p. *6.)

On remand, after considering the parties' filings and hearing argument, the trial court announced that rather than considering the current information of defendant's ongoing rehabilitation and "achievements since he's been in custody" set forth by the defense, that "it's a matter of what was happening at the time of sentencing and whether the Court *should have* exercised its discretion . . . and it *would not have*." (Italics added.) The court denied the motion. The court then observed that defendant did not continue to pose a threat and further found defendant "presented himself well and [was] pursuing what he can to better himself. We don't often see this type of vast improvement." But the court then reiterated that it was required to "look[] at the time of sentencing" and that "[l]ater rehabilitation is not what [§ 1385] and the change in the statute for Section 667 dismissals would allow."

## DISCUSSION

On appeal, defendant argues the trial court abused its discretion because it misunderstood the scope thereof. The People concede the issue and agree remand is the appropriate remedy. We agree.

---

[1] Undesignated statutory references are to the Penal Code.

We review a trial court's decision whether to strike a prior conviction for abuse of discretion. An abuse of discretion occurs where the trial court does not fully understand the scope of its discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374, 378.)

Here, it appears the trial court did not understand that defendant's postconviction conduct *could indeed* be considered in determining whether to strike the section 667, subdivision (a) enhancement. The court may consider any pertinent circumstances that have arisen since the original sentence was imposed. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) Accordingly, we agree with the parties that the proper remedy is to remand the case to the trial court for the opportunity to exercise its discretion after considering all relevant material, including material regarding happenings that postdate any original or subsequent proceedings. We express no opinion regarding the court's ultimate decision on whether to strike the section 667, subdivision (a) enhancement.

## DISPOSITION

The matter is remanded to the trial court for exercise of discretion as to whether to strike the section 667, subdivision (a) enhancement and possible resentencing.

/s/
Duarte, J.

We concur:

/s/
Murray, Acting P. J.

/s/
Krause, J.

3